COMMONWEALTH vs. FRANK MARCELLI.

Hampden. September 20, 1982. — October 27, 1982.

Present: BROWN, DREBEN, & KASS, JJ.

*Homicide. Wanton or Reckless Conduct. Evidence,* Other offense.

At the trial of an indictment charging manslaughter, evidence that the defendant, through physical force and threats to kill her, prevented the victim's girlfriend from procuring urgently needed medical assistance for the victim, who was suffering from an alcohol and drug overdose, warranted denial of the defendant's motion for a required finding of not guilty. [568-569]

At the trial of an indictment charging manslaughter, the defendant's statement that "he had a long narcotics record" was properly admissible, in the judge's discretion, to establish the defendant's motive for not wanting persons present who could render aid to the victim. [569]

INDICTMENTS found and returned in the Superior Court Department on September 14, 1979.

The cases were tried before *John F. Murphy, Jr.,* J.

*Judith A. Cross* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The defendant's claim that he was entitled to a required finding of not guilty on the indictment[1] charging him with manslaughter (G. L. c. 265, § 13) is without merit. There was evidence from which the jury could have found the following facts.

The decedent's girlfriend visited the apartment of the decedent Thomas Brown on the evening of March 20, 1979.

---

[1] The defendant also appeals from his convictions of unlawful possession of a hypodermic needle and unlawful possession of a class B controlled substance.

Brown was lying on the floor breathing erratically; his lips were turning blue. The defendant informed her that Brown "had done some Dilaudid." The girlfriend could not wake Brown up, and she, the defendant and a third person moved him to his bed. After the third person left, she became concerned about Brown's condition and called her brother, a technician at a hospital. Following that conversation, she started to call an ambulance, but the defendant "bodily shoved [her] away from the phone, took it from [her]," and threatened to kill her if she attempted to obtain help. He stated that "he didn't want any police or anything because he had a long narcotics record and he had drugs on him and a syringe and he didn't want anyone around him." The defendant also stated that he would watch the decedent and take care of him. Brown's girlfriend left. When she returned the next morning, she found Brown dead. The medical examiner testified that the cause of death was "abuse of alcohol and Dilaudid," and another medical expert testified that Brown could have "been saved" had he obtained medical help earlier.

While the law does not, except in special circumstances, impose a duty on bystanders to take action to preserve the life of another, see generally LaFave & Scott, Criminal Law 183-186 (1972), here the defendant by his conduct increased the danger of harm to Brown. Although medical assistance was urgently needed, he bodily prevented the decedent's girlfriend from procuring aid and threatened to kill her if she persisted in that endeavor. We have no doubt that such conduct is wanton and reckless as defined in our cases. See *Commonwealth* v. *Welansky*, 316 Mass. 383, 397-401 (1944). See also *Flippo* v. *State*, 258 Ark. 233, 238 (1975), upholding a conviction of manslaughter where the defendant's delay in obtaining help "caused the helpless victim to be secluded . . . awaiting the promised aid and prevented others from rendering timely aid"; *Jones* v. *United States*, 308 F.2d 307, 310 (D.C. Cir. 1962). Cf. Restatement (Second) of Torts § 326 (1965) ("One who intentionally prevents a third person from giving to another aid nec-

essary to prevent physical harm to him, is subject to liability for physical harm caused to the other by the absence of the aid which he has prevented the third person from giving").

The defendant's contention that his statement that "he had a long narcotics record" was inadmissible fails to recognize that the statement was relevant to the defendant's motive for not wanting persons who could render help to appear on the scene, and, hence, was admissible in the discretion of the trial judge. *Commonwealth* v. *Chalifoux,* 362 Mass. 811, 815-816 (1973). *Commonwealth* v. *Young,* 382 Mass. 448, 462-463 (1981). Having failed to request a limiting instruction "to protect himself against any prejudice he perceived," the defendant cannot complain that the judge, on his own, failed to instruct the jury as to the purpose for which the evidence was offered. *Commonwealth* v. *Bradshaw,* 385 Mass. 244, 269-270 (1982).

*Judgments affirmed.*